UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDWARD NELSON,               )<br>                                              )<br>              Plaintiff,          )<br>                                              )<br>v.                                         )<br>                                              )<br>SAFECO INSURANCE COMPANY OF )<br>ILLINOIS,                              )<br>                                              )<br>              Defendant.       )<br>_____) | 2:10-cv-00241-JCM-LRL<br><br>**O R D E R** |

Before the court is defendant's Motion to Compel Supplemental Discovery (#20, filed August 16, 2010). Also before the court are defendant's Notice of Non-Opposition (#21, filed September 7, 2010), plaintiff's Opposition (#22, filed September 20, 2010), and defendant's Reply (#23, filed September 30, 2010). The court will grant the motion in part.

Plaintiff failed to respond to the motion within the deadline set by LR 7-2. "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). Without seeking leave to file an untimely response, plaintiff did not file an Opposition (#22) until seventeen (17) days after it was due, and nearly two weeks after defendant filed its Notice of Non-Opposition (#21). Remarkably, plaintiff does not mention, much less try to explain, justify or excuse, the untimeliness of his Opposition.

Before filing the motion to compel, defendant's counsel attempted to discuss with plaintiff's counsel plaintiff's failure to supplement his discovery responses. Defendant's counsel sent a letter and placed several phone calls to plaintiff's counsel, who basically ignored defendant's counsel. *See* Exh. 2 to Mot. (#20) and Machnich Aff. Defendant has fulfilled its obligation to attempt to meet and confer in good faith to resolve the discovery dispute without judicial intervention. Fed. R. Civ. P. 37(a)(1) and

LR 26-7(b). Plaintiff's counsel's failure to respond to defendant's counsel; her failure to timely file an opposition to defendant's motion; and her failure to even acknowledge and explain the untimeliness of her response, is manifestly sanctionable. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1). Plaintiff has failed to supplement his discovery responses, and has not timely explained why.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant's Motion to Compel Supplementary Discovery (#20) is granted in part and only to the extent that pursuant to Rule 37(c) plaintiff is precluded from introducing the following evidence at trial:

1. All evidence and facts relating to medical treatment which were not previously mentioned or disclosed in plaintiff's May 27, 2010 "Early Case Conference List of Witnesses, Documents and Tangible Items;" Plaintiff's June 1, 2010 Responses to Interrogatories Nos. 7, 8, 9, 10, and 11; and plaintiff's May 27, 2010 Responses to Defendant's First Set of Requests for Production of Documents Nos. 2 and 3;

2. All evidence relating to a claim for damages associated with loss of wages or loss of future earning capacity which was not previously mentioned or disclosed in plaintiff's May 27, 2010 "Early Case Conference List of Witnesses, Documents and Tangible Items;" Plaintiff's June 1, 2010, Response to Interrogatory No. 12; and plaintiff's May 27, 2010 Response to Defendant's First Set of Requests for Production of Documents, Request No. 4.

IT IS FURTHER ORDERED that plaintiff shall, not later than <u>November 8, 2010</u>, supplement its response without objection to defendant's Interrogatory No. 16 regarding his Unfair Business Practice Claim. Plaintiff is admonished that his failure to do so may result in sanctions including preclusion of the claim from his case. To the extent that plaintiff properly asserts privilege, he must

include with his response an appropriate and complete privilege log.

     IT IS FURTHER ORDERED that plaintiff shall pay the reasonable attorney's fees incurred by defendant in bringing its Motion to Compel Supplemental Discovery (#20), Notice of Non-Opposition (#21), and Reply (#23).

     IT IS FURTHER ORDERED that defendant shall, not later than <u>November 12, 2010</u>, file an affidavit of fees and costs.

     IT IS FURTHER ORDERED that in all other respects the motion (#20) is denied.

DATED this 1st day of November, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

3