# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

EDWARD NELSON,

        Plaintiff,

v.

SAFECO INSURANCE COMPANY OF ILLINOIS,

        Defendant.

2:10-cv-00241-JCM-LRL

**O R D E R**

    Before the court are plaintiff's Emergency Motion to Extend Discovery Deadlines (#27) and Emergency Motion to Compel Production of Claims File (#28). The court has considered the motions (##27, 28) and defendant's Opposition (#31) to the motions. No replies were filed.

    Discovery in this bad faith insurance case opened on April 12, 2010. Pursuant to the court's Scheduling Order (#8), the discovery cutoff was set at August 18, 2010. On April 26, 2010, defendant produced its Rule 26(a) initial disclosures, which included plaintiff's redacted claim file and a privilege log. Exh. 1 to Opp'n (#31). On July 13, 2010, the court granted defendant's Emergency Motion to Extend Discovery Deadlines (#15) and set the discovery cutoff deadline for November 19, 2010. Scheduling Order (#19). On July 21, 2010, plaintiff propounded a set of Requests for Production of Documents on defendant, which included a request for plaintiff's claim file. Defendant responded on August 23, 2010, directing plaintiff's attention to its initial disclosures and claims of attorney-client and/or work product privilege for the claim file. Eleven weeks later, on November 9, 2010, plaintiff's counsel, Denise M. Ridenhour, contacted defense counsel, Tegan Machnich, via telephone to discuss production of an unredacted claim file. Counsel was unable to reach agreement. Plaintiff filed the instant Emergency Motion to Extend Discovery Deadlines (#27) and Emergency Motion to Compel

Production of Claims File (#28) that day.

**Emergency Motion to Extend Discovery Deadlines (#27)**

Plaintiff seeks an extension of the discovery cutoff deadline to January 19, 2010. Plaintiff explains that due to a series of calamities regarding Ridenhour's staff, which is primarily in charge of scheduling, "several depositions, and requests for expert reports from Plaintiff's treating physicians were not made." Mot. (#27) at 6. Plaintiff asks the court to extend the deadlines so that he doesn't suffer as a result of Ridenhour's neglect in not completing all discovery to fully prosecute his claims. *Id.* Additionally, plaintiff suggests that his efforts to complete discovery have been hampered by defendant's unwillingness to produce the claims file in unredacted form. *See* Mot. (#27) at 6.

The court has broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A scheduling order "shall not be modified except upon a showing of good cause and by leave of . . . a magistrate judge." Fed. R. Civ. P. 16(b); *see* LR 26-4. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the moving party fails to demonstrate diligence, 'the inquiry should end.'" *Id.* Pursuant to LR 26-4, applications to extend a date set by a scheduling order or discovery plan must be received by the court no later than twenty days before the discovery cutoff date. A request made after the expiration of the specified period shall not be granted unless the moving party can demonstrate that the failure was the result of excusable neglect. LR 6-1(b).

Here, plaintiff basically concedes a lack of diligence in pursuing discovery, pointing to staff turnover as the underlying cause. Nevertheless, plaintiff asks the court to focus not on his lack of diligence in pursuing discovery, but on "Defendant's recalcitrance in producing an unredacted claims file." Mot. (#27) at 6. Notably Ridenhour did not broach the topic of the claims file with defendant until November 9, 2010, a mere ten days before the discovery cutoff; the same day on which the instant motion (#27) was filed. Plaintiff has now had possession of the claim file, in unredacted form, since at least November 18, 2010.

Notwithstanding plaintiff's lack of diligence, the court will reluctantly extend the discovery

deadline to February 11, 2011. Such an extension will not prejudice defendant and will serve the public's interest in having cases decided on their merits. Plaintiff is admonished, however, that his failure to adhere to the deadlines set by the court will likely lead to the imposition of sanctions. There will be no further extensions of the discovery deadlines absent a strong showing of diligence and good cause.

**Emergency Motion to Compel Production of Claims File (#28)**

Plaintiff's Motion to Compel Production of Claims File (#28) is moot. In its Opposition (#31), defendant represents that because the claims handling process has reached its conclusion, it has now produced the entire, unredacted claim file to plaintiff. Defendant provided a Revised Privilege Log with the production, which indicates that four documents have been withheld on ground of work product protection. Exh. 6 to Opp'n (#31).

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Emergency Motion to Extend Discovery Deadlines (#27) is granted. The discovery cutoff shall be extended to February 11, 2011.

IT IS FURTHER ORDERED that plaintiff's Emergency Motion to Compel Production of Claims File (#28) is denied as moot.

DATED this 4th day of January, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**