UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD NELSON,<br><br>    Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY<br>OF ILLINOIS,<br><br>    Defendant. | 2:10-CV-241 JCM (LRL) |

**ORDER**

Presently before the court is defendant Safeco Insurance Company of Illinois' motion for summary judgment. (Doc. #33). The plaintiff has responded (doc. #35), and the defendant has replied (doc. #36).

Plaintiff filed the instant action alleging (1) breach of contract, (2) unfair claims practices, and (3) bad faith, (doc. #1), arising from a claim made under plaintiff's automobile insurance policy with defendant Safeco. Plaintiff requests relief in the form of expectation damages for denied policy benefits; consequential damages, including attorneys fees; work loss and emotional distress; punitive damages; and costs of suit. (*Id.*) Discovery has ended, and the defendant has filed the instant motion for summary judgment (doc. #33).

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c). The moving party bears the burden of presenting authenticated evidence to demonstrate the

**James C. Mahan**
**U.S. District Judge**

1  absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323
2  (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating the standard for
3  authentication of evidence on a motion for summary judgment).

4  **I.     Breach of Contract**

5         To state a claim for breach of contract, the plaintiff must allege: (1) the existence of a valid
6  agreement between the plaintiff and the defendant; (2) a breach by the defendant; and (3) damages
7  as a result of the breach. *Calloway v. City of Reno*, 993 P.2d 1259 (Nev. 2000) (overruled on other
8  grounds). Once a plaintiff proves these prima facie elements, the burden shifts to the defendant to
9  show that his nonperformance was excused or otherwise defensible. *Hewitt v. Allen*, 43 P.3d 345,
10 349 (Nev. 2002).

11        Here, neither party disputes the existence of a valid agreement; however, the question arises
12 as to whether the defendant's coverage determination constitutes a breach. Under the disputed
13 contract provision governing uninsured motorist coverage ("UIM"), the policy limit is $25,000 per
14 person insured. (*See* doc. #33, ex.1). The contract also states that defendant Safeco "will not pay
15 damages to the extent that amounts are or were available to an insured under any bodily injury
16 liability bonds or policies applicable to the uninsured motor vehicle." (*Id.*, p. 8).

17        The defendant has presented evidence confirming that plaintiff received $1,000 from Safeco
18 pursuant to the Med Pay Coverage (doc. #33, ex. 4) and $15,000 from Lincoln General, the insurance
19 company covering the liable party in the car accident, (doc. #33, ex. 2). Thus, it appears that plaintiff
20 has disclosed $18,439.40 in medical expenses and received $26,000 in compensation. However, the
21 defendant has failed to authenticate this evidence as per the requirements of *Orr v. Bank of America,*
22 285 F.3d 764 (9th Cir. 2002). Accordingly, the defendant's motion for summary judgment as to the
23 breach of contract claim cannot be granted at this time.

24 **II.    Bad Faith**

25        "Under Nevada law, 'bad faith' exists where insurer denies claim without any reasonable
26 basis and with knowledge that no reasonable basis exists to deny claim." *Schumacher v. State Farm*
27 *Fire & Cas. Co.*, 467 F. Supp. 2d 1090, 1095 (D. Nev. 2006) (citing *U.S. Fidelity & Guar. Co. v.*
28

**James C. Mahan**
**U.S. District Judge**

1   *Peterson*, 540 P.2d 1070 (Nev. 1975)).

2   Here, there is no evidence of bath faith because the defendant did not deny plaintiff's claim.
3   Rather, plaintiff alleges that the amount paid under the policy was less than what it should have been,
4   which is insufficient to show bad faith. *See id.* at 1096 (finding that such an allegation "makes the
5   complaint more of one based upon statutory violations of NRS 686A.310 than it does a bath faith
6   action"). Accordingly, defendant's motion for summary judgment is granted as to this claim for
7   relief.

8   **III.    Unfair Claims Practices**

9   Plaintiff alleges that the defendant violated seven provisions of the Nevada statute governing
10  unfair practices in settling insurance claims, N.R.S. 686A.310. However, during discovery,
11  Magistrate Judge Leavitt ordered that "plaintiff shall . . . supplement its response without objection
12  to defendant's Interrogatory No. 16 regarding his Unfair Business Practice Claim." (Doc. #25). Judge
13  Leavitt warned that "failure to do so may result in sanctions including preclusion of the claim from
14  this case." (*Id.*)

15  Plaintiff thereafter submitted a supplemental response (doc. #36); however that response only
16  addressed two of the seven provisions cited in the complaint, N.R.S. 686A.310(a) and N.R.S.
17  686A.310(g), which are addressed below. Because plaintiff failed to supplement its responses to the
18  other five provisions, the motion for summary judgment is hereby granted as to N.R.S.
19  686A.310(b)–(f) for failure to comply with Judge Leavitt's order (doc. #25).

20  As to N.R.S. 686A.310(a), plaintiff alleges that Safeco misrepresented "pertinent facts or
21  insurance policy provisions" relating to his insurance coverage by not tendering the full $25,000
22  policy limit to compensate him for past and future pain and suffering. Plaintiff alleges that the
23  $25,000 is not even enough to cover his medical bills plus attorney's fees from this suit.
24  Accordingly, plaintiff's theory is that "Defendants represented that Plaintiff's UIM benefits would
25  be available to him in the event that his accident related medical bills exceeded his and any liable
26  party's contribution towards paying those bills." (Doc. #33, ex. 23, p. 2).

27  However, plaintiff has presented no evidence that the defendant misrepresented any pertinent

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

facts or insurance policy provisions relating to his coverage. Although plaintiff alleges that the $10,000 paid in settlement of his claim was insufficient to cover his damages, plaintiff has cited no legal theory nor a contract provision obligating the defendant to pay the entire policy limit absent evidence that the plaintiff is entitled to those funds. Accordingly, the motion for summary judgment is granted as to plaintiffs claim under N.R.S. 686A.310(a).

As to N.R.S. 686A.310(g), plaintiff alleges that defendant attempted to settle his claim for "less than the amount to which a reasonable person would have believed he or she was entitled by reference to written or printed advertising material accompanying or made part of an application." Defendant alleges that this claim fails for the same reasons plaintiff's breach of contract claim fails – namely, that the stated amount of damages, $18,439.40, has already been paid. Again, the evidence supporting this contention has not been authenticated pursuant to *Orr v. Bank of America.* 285 F.3d 764 (9th Cir. 2002), and the motion for summary judgment is denied as to this claim at this time.

## IV.     Punitive Damages

A plaintiff must demonstrate by clear and convincing evidence that the defendant is guilty of oppression, fraud or malice, express or implied, to receive an award of punitive damages. N.R.S. § 42.005(1). This standard requires that the plaintiff produce evidence "so clear as to leave no substantial doubt[,]" *Wynn v. Smith*, 16 P.3d 424, 431 (Nev. 2001), that the defendant "acted with a culpable state of mind[,]" *Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 255 (Nev. 2008). Where a plaintiff has not met this burden, the court may deny a claim for punitive damages as a matter of law. *See e.g.*, *Warmbrodt v. Blanchard*, 692 P.3d 1282, 1286 (Nev. 1984) (superseded by statute on other grounds) (holding permissible a trial court's refusal to give a punitive damages instruction where evidence to support such damages had not been received in the case).

In the instant case, the plaintiff has failed to present clear and convincing evidence that the defendant is guilty of oppression, fraud or malice, either express or implied. The defendant never denied plaintiff's claim, and whereas a dispute over the amount to be paid under the agreement is insufficient to support a claim for bad faith, as noted above under *Schumacher*, 467 F. Supp. 2d at 1096, the court similarly finds the allegation insufficient to support a claim for punitive damages.

James C. Mahan
U.S. District Judge

- 4 -

1  Summary judgment is appropriate as to this claim for relief.
2      Accordingly,
3      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for
4  summary judgment (doc. #33) is GRANTED in part and DENIED in part as per the analysis set forth
5  in the body of this order.
6      DATED March 8, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**